## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:18-cv-_____

ONYX ENTERPRISES INT'L, CORP. d/b/a CARiD.com,

     Plaintiff,

v.

GUANGZHOU ZEZHONG ELECTRONICS CO., LTD.,
CHINA SUNIGHT ELECTRONIC CO., LTD.,
GUANGZHOU HUAN YI TRADE CO., LTD.,
SUNIGHT CAR LIGHT FACTORY STORE,
SNCN CAR LIGHTS GLOBAL STORE,
AOLYO AUTOPARTS STORE f/k/a My CARiD Store, and
CARiD AUTOPARTS STORE,

     Defendants.

---

## COMPLAINT AND JURY DEMAND

---

COMES NOW Plaintiff Onyx Enterprises Int'l, Corp. ("Onyx" or "Plaintiff") for their Complaint against Defendants Guangzhou Zezhong Electronics Co., Ltd., China Sunight Electronic Co., Ltd., Guangzhou Huan Yi Trade Co., Ltd., Sunight Car Light Factory Store, sncn Car Lights Global Store, Aolyo Autoparts Store f/k/a My CARiD Store, and CARiD Autoparts Store ("Defendants"), through counsel, BRADFORD, LTD., assert the following claims:

### NATURE OF THE ACTION

This is an action at law and in equity brought under the Lanham Act and Colorado Consumer Protection Act to remedy acts of trademark infringement, false advertising, and misrepresentation caused by Defendants' unauthorized use of the CARiD trademark and logo to

open an online storefront, advertise online, and sell infringing products through AliExpress.com. Obtaining an injunction against several companies and Internet website operators is the most efficient way to deal with these infringing acts.

As AliExpress.com is in possession of information concerning the identity of the Defendants such as the Internet Protocol (IP) name and email address. Onyx, by separate motion, will seek the Court's authorization to conduct discovery from AliExpress.com to obtain the identifying information.

## THE PARTIES

1. Plaintiff Onyx Enterprises Int'l, Corp. ("Onyx") is a New Jersey corporation with its principal place of business in the Township of Cranbury, Middlesex County, New Jersey. Onyx does business under the name CARiD.com. Ex. 1. Onyx is engaged in the business of marketing and distributing specialty automotive products throughout the world through its online stores. Onyx is one of the largest and most sophisticated specialty automotive aftermarket platforms in the United States, with nationwide sales in the hundreds of millions of dollars and hundreds of employees around the world.

2. Defendant Guangzhou Zezhong Electronics Co., Ltd. is a Chinese limited company with its principal place of business at 36 Yongfu Road, No. 1010, Yuexiu District, Guangzhou, Namdaemun, Guangzhou, China.

3. Defendant China Sunight Electronic Co., Ltd. is a Chinese limited company with its principal place of business in Guangzhou, China. On information and belief, China Sunight Electronic Co., Ltd. is a subsidiary or affiliate company that shares common ownership with Guangzhou Zezhong Electronics Co., Ltd.

4. Defendant Guangzhou Huan Yi Trade Co., Ltd. is a Chinese limited company with its principal place of business in Guangzhou, China. On information and belief, Guangzhou Huan Yi Trade Co., Ltd. is an affiliate company of Guangzhou Zezhong Electronics Co., Ltd. and China Sunight Electronic Co., Ltd.

5. Defendant Sunight Car Light Factory Store is a Chinese entity that operates store number 2787165 on the AliExpress.com online marketplace from Guangzhou, China. On information and belief, Sunight Car Light Factory Store is a subsidiary or affiliate company that shares common ownership with Guangzhou Zezhong Electronics Co., Ltd. and China Sunight Electronic Co., Ltd.

6. Defendant sncn Car Lights Global Store is a Chinese entity that operates store number 312835 on the AliExpress.com online marketplace from Guangzhou, China. On information and belief, sncn Car Lights Global Store is a subsidiary or affiliate company that shares common ownership with Guangzhou Zezhong Electronics Co., Ltd. and China Sunight Electronic Co., Ltd.

7. Defendant Aolyo Autoparts Store is a Chinese entity that operates store number 4219034 on the AliExpress.com online marketplace from Guangzhou, China. Aolyo Autoparts Store was previously known as My CARiD Store. On information and belief, Aolyo Autoparts Store is a subsidiary or affiliate company that shares common ownership with Guangzhou Zezhong Electronics Co., Ltd. and China Sunight Electronic Co., Ltd.

8. Defendant CARiD Autoparts Store is a Chinese entity that operates store number 3906020 on the AliExpress.com online marketplace from Guangzhou, China. On information and

belief, CARiD Autoparts Store is a subsidiary or affiliate company that shares common ownership with Guangzhou Zezhong Electronics Co., Ltd. and China Sunight Electronic Co., Ltd.

## JURISDICTION AND VENUE

9.  This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1338(a) and (b), and 28 U.S.C. § 1331.

10. Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391(b) because Defendants are not residents of the United States and therefore may be sued in the District of Colorado; because acts of infringement, other wrongful conduct, and a substantial part of events or omissions giving rise to the claims occurred in the District of Colorado; and because Defendants are subject to personal jurisdiction in the District of Colorado.

## GENERAL ALLEGATIONS

11. On November 17, 2009, the United States Patent & Trademark Office issued Onyx Registration No. 3,711,746 (the "CARID Mark") for a service mark of standard characters "CARID" in international class 35 and United States classes 100, 101, and 102 for "WHOLESALE DISTRIBUTORSHIPS FEATURING AUTOMOTIVE ACCESSORIES; RETAIL STORE SERVICES FEATURING AUTOMOTIVE ACCESSORIES; ONLINE RETAIL STORE SERVICES FEATURING AUTOMOTIVE ACCESSORIES."  Ex. 2.  This service mark has been duly renewed and remains in force.

12. On November 17, 2009, the United States Patent & Trademark Office issued Onyx Registration No. 3,711,745 (the "CARID Logo") for a service mark for the same classes on a stylized depiction of the CARID Mark, where the words "CAR" and "ID" are depicted in different colors.  Ex. 3.

13. CARiD.com is the number-one brand in eCommerce for the sale of automotive parts and accessories. Through its CARiD.com website, Onyx sells ten million stock keeping units (distinct products or "SKUs") from approximately 5,000 brands. *See* www.carid.com. It processes over 4,000 transactions a day and maintains a large call center that provides 24/7 customer support. It is very difficult to convert sales online for a number of reasons, including fitment (will this part work with my vehicle) and style (people prefer to see and touch the product). Onyx has built a number of proprietary features that nurture the customer experience in a way that gives the customer confidence that they will get the right part, from the right brand, for their year, make, model, and submodel vehicle. Onyx also produces educational materials designed to help customers make good buying decisions. Customers have come to appreciate this experience.

14. In addition to its www.CARiD.com website, Onyx maintains an online storefront on eBay.com that lists thousands of products for sale.



Ex. 4, https://www.ebay.com/str/CARiD/.

15. AliExpress.com is a website owned and operated by Alibaba Group, a Chinese conglomerate, that allows others to sell products by establishing an online "store" on its website marketplace and create product listings for products for sale within such stores. AliExpress.com stores and listings are used to advertise, market, and sell Chinese-made products to customers in the United States. *See* https://www.alibabagroup.com/en/about/businesses ("Launched in 2010, AliExpress (www.aliexpress.com) is a global retail marketplace that enables consumers from around the world to buy directly from manufacturers and distributors primarily in China. . . . AliExpress is a business of Alibaba Group.").

16. Defendants are putative competitors of Plaintiff and have chosen to establish misleading storefronts and publish misleading listings on various Internet-based accounts for the purpose of increasing their Internet visibility, trading off the goodwill of Plaintiff, and falsely associating themselves with Plaintiff's services to create an unfair competitive advantage in their favor.

17. The AliExpress stores lack any of the hallmark interactive and supportive features that are inherent in Onyx's www.CARiD.com website or its eBay storefront. Onyx has previously been the target of online infringement in the form of an unauthorized mobile application. The customer reviews were telling – customers were disappointed in the application experience because it was not on par with CARiD's reputation for quality and service.

18. On April 4, 2018, Defendants established AliExpress.com store number 396020 named "CARiD Autoparts Store." The store name contains the CARID Mark.



https://carid.aliexpress.com/store/3906020 (captured November 29, 2018).

19. Until December 6, 2018, the CARiD Autoparts Store displayed a banner logo copied from Onyx's CARiD.com website. This banner contains the CARID Mark and a colorable imitation of the CARID Logo.



https://carid.aliexpress.com/store/3906020 (captured November 29, 2018).



https://carid.com/ (captured November 29, 2018)

20. On May 20, 2018, Defendants established AliExpress.com store number 4219034 named "My CARiD Store." The store name contains the CARID Mark. This store has since been renamed "Aolyo Autoparts Store."



https://mycaridstore.aliexpress.com/store/4219034 (captured November 29, 2018); *see also* https://aolyo.aliexpress.com/store/4219034.

21.     CARiD Autoparts Store has advertised automotive accessories in the United States and sold automotive accessories to consumers in the United States using the CARID Mark, including the "CARiD Fog Lamp LED Car Light Daytime Running Light DRL 2-in-1 Functions Auto Projector Bulb For Suzuki Swift 2007 - 2012 2013" (the "Infringing Fog Lamp").  The listing for the Infringing Fog Lamp contains the CARID Mark and a colorable imitation of the CARID Logo.



https://ae01.alicdn.com/kf/HTB1VPThhFooBKNjSZPhq6A2CXXa8/CARiD-Fog-Lamp-LED-

Car-Light-Daytime-Running-Light-DRL-2-in-1-Functions-Auto.jpg (last viewed December 7, 2018).

22. Aolyo Autoparts Store has advertised automotive accessories in the United States and sold automotive accessories to consumers in the United States using the CARID mark, including the "CARiD LED Car Trunk Strip Light Dynamic Streamer Tail Lights For Toyota RAV4 Camry Corolla C-HR 86 Sienna Tacoma Yaris Tundra" (the "Infringing Strip Light"). The listing for the Infringing Strip Light contains the CARID Mark and a colorable imitation of the CARID Logo.



https://ae01.alicdn.com/kf/HTB1SOkHKkCWBuNjy0Faq6xUlXXas/CARiD-LED-Car-Trunk-Strip-Light-Dynamic-Streamer-Tail-Lights-For-Toyota-RAV4-Camry-Corolla-C.jpg (last viewed December 7, 2018).

23. sncn Car Lights Global Store has advertised automotive accessories in the United States and sold automotive accessories to consumers in the United States using the CARID mark, including the "CARiD Trunk Strip Light LED Car Dynamic Streamer Tail Lights For Kia Rio

Picanto Cerato Ceed Optima Stonic Soul Niro Sportage."  The listing contains the CARID Mark and a colorable imitation of the CARID Logo.  https://www.aliexpress.com/item/CARiD-Trunk-Strip-Light-LED-Car-Dynamic-Streamer-Tail-Lights-For-Kia-Rio-Picanto-Cerato-Ceed/32944808896.html (last viewed December 7, 2018).

24. Sunight Car Light Factory Store has advertised automotive accessories in the United States and sold automotive accessories to consumers in the United States using the CARID mark, including the" CARiD Trim Pedal LED Car Light Door Sill Scuff Plate Pathway Dynamic Streamer Welcome Lamp For Mercedes Benz S350 2008-2012 2013."  The listing contains the CARID Mark and a colorable imitation of the CARID Logo. https://www.aliexpress.com/store/product/CARiD-Trim-Pedal-LED-Car-Light-Door-Sill-Scuff-Plate-Pathway-Dynamic-Streamer-Welcome-Lamp-For/2787165_32948035211.html?spm=2114.12010615.8148356.1.725c6561NT3all (last viewed December 7, 2018).

25. The store pages for sncn Car Lights Global Store and Sunight Car Light Factory Store each indicate that they are associated with China Sunight Electronic Co., Ltd.



https://www.aliexpress.com/store/312835 (captured December 7, 2018).



https://www.aliexpress.com/store/2787165 (captured December 7, 2018).

26. On November 29, 2018, Onyx sent a cease and desist letter to AliExpress.com, reporting Defendants' copyright and trademark infringement. AliExpress.com has so far failed to remove the infringing storefronts and listings.

27. On December 5, 2018, Onyx sent a cease and desist letter to Defendants through the CARiD Autoparts Store storefront on AliExpress.com. Ex. 5. The same day, Defendants responded, stating, in part, that "we are the Chinese powerful car LED producers" and that "CARID this logo, you have not registered in China, so we registered, we sell the products." Ex. 6.

28. After December 5, 2018, CARiD Autoparts Store ceased using the banner logo copied from Onyx's CARiD.com website, but Defendants continue to use the CARID Mark and a colorable imitation of the CARID Logo in the name or the storefronts, product listings, and product names.

29. Defendants have not registered the CARID Mark in the United States or China. The applicant listed on an April 4, 2018 application for a "CARID" trademark in China is Defendant Guangzhou Zezhong Electronics Co., Ltd. Ex. 7. This application has not been

granted.  Even if granted, a Chinese trademark registration would not give Defendants any rights to use the CARiD Mark or CARiD Logo in the United States.

30.     While located in the United States and setting the AliExpess.com website to show products sellers have indicated can be shipped into the United States, Onyx was able to, and continues to be able to, view the above-indicated storefronts and listings.  On November 29, 2018, Onyx ordered the Infringing Fog Lamp and Infringing Strip Light (collectively, the "Infringing Products") through the CARiD Autoparts Store and Aolyo Autoparts Store for delivery to Denver, Colorado.  Ex. 8, 9.

31.     On December 6, 2018, the Infringing Products were delivered to Denver, Colorado in packages with customs labels and return addresses indicating that they were sent from Guangzhou, China by Guangzhou Huan Yi Trade Co., Ltd.  Ex. 10 at 1, 11 at 1.  The Infringing Products were wrapped with tape marked with "SNCN" and "www.sncn.com.cn" labels, indicating that they were packaged by China Sunight Electronic Co., Ltd. and associated with Defendants.  *Id*.

32.      The Infringing Fog Lamp is marked "SNCN," indicating that they were made by China Sunight Electronic Co., Ltd. and associated with Defendants.  Ex. 10 at 3.

33.     The Infringing Products are very low quality, having manufacturing defects and damage observable with the naked eye.  The Infringing Fog Lamp has damaged wiring and a covering of white dust.  Ex. 10 at 2-3.  The Infringing Strip Light has excess white adhesive at its connections and that discolors the surface of the electrical box.  Ex. 11 at 3-5.

34.     Defendants' above-described conduct is continuing and is attended by circumstances of fraud, malice, or willful and wanton conduct, and committed heedlessly and

recklessly, without regard to the consequences, or the rights and safety of others, particularly Plaintiff. At a minimum, Defendants are willfully blind and have acted in reckless disregard of Plaintiff's rights and claims.

35. As a result of Defendants' conduct, Plaintiff has sustained reputational harm, lost sales, and lost customer relationships.

**FIRST CLAIM FOR RELIEF**
(Trademark Infringement (15 U.S.C. § 1114))

36. Plaintiff incorporates by reference each and every allegation contained in this complaint as if fully set forth herein.

37. Defendants have—without the consent of Onyx and in violation of 15 U.S.C. § 1114—used in commerce reproductions, counterfeits, copies, and/or colorable imitations of the "CARID" mark and "CARiD" logo in connection with establishing retail stores and the sale, offering for sale, distribution, or advertising of goods or services on http://AliExpress.com or in connection with the web site. Such acts are likely to cause confusion, or to cause mistake, or to deceive.

38. Defendants acts were committed with knowledge that their imitation was intended to be used to cause confusion, or to cause mistake, or to deceive.

39. Defendants have used the CARID Mark and CARID Logo with the knowledge of, and the intent to call to mind and create a likelihood of confusion with regard to, and/or trade off of Onyx's fame, the CARID Mark, and the CARID Logo.

40. Defendants have actual knowledge of Onyx's trademark registrations.

41. Defendants' acts have caused, and if not enjoined will continue to cause, irreparable and continuing harm to Onyx's trademarks, business, reputation, and goodwill. Onyx

has no adequate remedy at law as monetary damages are inadequate to compensate Onyx for the injuries caused by Defendants.

42. As a direct and proximate result of Defendants' conduct, Onyx has suffered damages to the CARID Logo, the CARID Mark, and other damages in an amount to be proved at trial.

43. Defendants' infringement of the CARID Logo, the CARID Mark is deliberate, willful, fraudulent and without any extenuating circumstances, and constitutes a knowing use of the CARID Mark, and the CARID Logo and an exceptional case within the meaning of 15 U.S.C. § 1117(b).

## SECOND CLAIM FOR RELIEF
(Unfair Competition and False Designation of Origin (15 U.S.C. § 1125(a))

44. Plaintiff incorporates by reference each and every allegation contained in this complaint as if fully set forth herein.

45. Defendant's use of Plaintiff's CARID Mark and a confusingly similar imitation of Plaintiff's CARID Logo has caused and is likely to cause confusion, deception, and mistake by creating the false and misleading impression that Defendants' goods are manufactured or distributed by Plaintiff, or are affiliated, connected, or associated with Plaintiff, or have the sponsorship, endorsement, or approval of Plaintiff.

46. Defendants' activities constitute false descriptions and representations and false advertising in commerce in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), as Defendants misrepresent the nature, characteristics, and qualities of Plaintiff's services and commercial activities in connection with the commercial advertising and promotion of Defendants' products and services.

47. Defendants' acts of false representation and false advertising have caused Plaintiff to sustain monetary damage, loss, and injury, in an amount to be determined at the time of trial.

48. Defendants have engaged in and continue to engage in these activities knowingly, willfully, maliciously and deliberately, to justify the assessment of exemplary damages against them, in an amount to be determined at the time of trial.

49. Defendants' acts of unfair competition and false designation of origin, unless enjoined by this Court, will continue to cause Plaintiff to sustain irreparable damage, loss, and injury, for which Plaintiff have no adequate remedy at law.

## THIRD CLAIM FOR RELIEF
(Violation of Colorado Consumer Protection Act (C.R.S. § 6-1-105))

50. Plaintiff incorporates by reference each and every allegation contained in this complaint as if fully set forth herein.

51. The state of Colorado has an important interest in ensuring that persons and entities doing business with Colorado residents fully comply with Colorado laws.

52. Upon information and belief, the conduct complained of herein is a deceptive trade practice, *inter alia*, in that, Defendants knowingly passing off goods, services, and products as those of Plaintiff and making use of Plaintiff's trademarks to deceive and confuse customers.

53. The conduct of Defendants described herein occurred and is occurring in the course of Defendants' business, vocation or occupation.

54. Defendants engaged and continue to engage in these activities knowingly, willfully and deliberately.

55. Plaintiff has been directly and proximately injured in its business and property by the Defendants' conduct complained of herein, in violation of Plaintiff's rights under C.R.S. § 6-1-105.

56. Defendants' violations of C.R.S. § 6-1-105 have caused Plaintiff to sustain monetary damages, loss and injury, in an amount to be determined at the time of trial.

57. In addition, pursuant to C.R.S., § 6-1-113, Plaintiff is entitled to trebled damages, attorney's fees and costs of suit, all in amounts to be determined at trial.

58. Defendants' violations of C.R.S. § 6-1-105, unless enjoined by this Court, will continue to cause Plaintiff to sustain irreparable damage, loss and injury, for which Plaintiff has no adequate remedy at law.

**WHEREFORE**, Plaintiff prays for judgment against Defendants as follows:

A. Onyx is entitled to injunctive relief and to recover Defendants' profits, actual damages, enhanced profits, costs, and reasonable attorney's fees under 15 U.S.C. §§ 1114, 1116, and 1117.

B. That Defendants and their agents, servants, employees, and attorneys, and all other persons in active concert or participation with them who receive actual notice of the injunction, be temporarily, preliminarily, and permanently enjoined from, without permission from Plaintiff:

   i. using CARID Mark or any colorable imitations thereof, or any marks confusingly similar thereto;

   ii. using CARID Logo or any colorable imitations thereof, or any marks confusingly similar thereto; and

       iii. making any representations, express or implied, that Plaintiff or CARiD.com is affiliated with or sponsors or approves of Defendants or their products or services and

       iv. enjoining Defendants to transfer to Plaintiff (at no cost to Plaintiff) all stores and listings that have ever contained or consisted of Onyx's marks, including but not limited to CARiD Autoparts Store and My CARiD Autoparts Store.

C. That Plaintiff be awarded damages including statutory treble damages and punitive damages in an amount to be determined at trial;

D. That Plaintiff be awarded damages and restitution, in an amount to be determined at trial, under 15 U.S.C. § 1117(a) for the total profits received by Defendants from, and any damages sustained by, Plaintiff as a result of Defendants' actions;

E. That Plaintiff be awarded under 15 U.S.C. § 1117(a) enhanced damages, up to three times the amount found as actual damages for Defendants' false descriptions and representations, in an amount to be determined at trial;

F. That Defendants be required to pay to Plaintiff such actual, statutory and exemplary damages as it has sustained as a consequence of Defendants' willful and intentional unfair competition;

G. That Plaintiff be awarded treble damages and attorney's fees for Defendants' deceptive trade practices under C.R.S. § 6-1-113;

H. That Defendants be ordered to make a written report within a reasonable period, to be filed with the Court, detailing the manner of Defendants' compliance with the requested injunctive and mandatory relief above;

      I.      That Plaintiff be awarded its reasonable attorney's fees and costs of suit under 15 U.S.C. § 1117(a), 15 U.S.C. § 285, and C.R.S. § 6-1-113;

      J.      That Plaintiff be awarded pre-judgment and post-judgment interest and its costs of the litigation; and

      K.      That Plaintiff be awarded such other relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all claims triable to a jury.

Dated: December 14, 2018

Respectfully submitted,

*/s/ Aaron P. Bradford*
Aaron P. Bradford, #31GU115
Alex W. Ruge, #47830
BRADFORD, LTD
2701 Lawrence Street, Suite 104
Denver, CO 80205
(303) 325-5467
Aaron@apb-law.com
Alex@apb-law.com

*Attorneys for Plaintiff*