# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 1:18-cv-3226

ONYX ENTERPRISES INT'L, CORP. d/b/a CARiD.com,

 Plaintiff,

v.

GUANGZHOU ZEZHONG ELECTRONICS CO., LTD.,
CHINA SUNIGHT ELECTRONIC CO., LTD.,
GUANGZHOU HUAN YI TRADE CO., LTD.,
SUNIGHT CAR LIGHT FACTORY STORE,
SNCN CAR LIGHTS GLOBAL STORE,
AOLYO AUTOPARTS STORE f/k/a My CARiD Store, and
CARiD AUTOPARTS STORE,

 Defendants.

## PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

Pursuant to Federal Rule of Civil Procedure 65(a) and (b), Plaintiff Onyx Enterprises Int'l, Corp. ("Onyx" or "Plaintiff"), through counsel, BRADFORD, LTD, hereby files this Motion for a Temporary Restraining Order and Preliminary Injunction. Plaintiff respectfully requests that this Court order an injunction directing removal of online storefronts and listings infringing Onyx's trademarks published by Guangzhou Zezhong Electronics Co., Ltd., China Sunight Electronic Co., Ltd., Guangzhou Huan Yi Trade Co., Ltd., Sunight Car Light Factory Store, sncn Car Lights Global Store, Aolyo Autoparts Store f/k/a My CARiD Store, and CARiD Autoparts Store ("Defendants") on the e-commerce website AliExpress.com.

## CERTIFICATE OF COMPLIANCE WITH D.C.COLO.L.CIV.R. 7.1

Pursuant to D.C.Colo.L.Civ.R. 7.1, Plaintiff's counsel made reasonable efforts to confer with Defendants, via electronic message, who were unresponsive to the relief sought by this Motion.  Plaintiff's counsel contacted Defendants, via AliExpress.com's messaging systems, on December 14, 2018 and informed Defendants of the filing of the Complaint in this matter and the intended filing of Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction. Ex. 13, Decl. of Alex W. Ruge, ¶ 4.  Further, upon filing, Plaintiff will send this Motion to Defendants by the same means.  Id., ¶ 5.  Thus, Defendants have actual notice of Plaintiffs' Motion and of Plaintiff's intent to seek a hearing on the Motion at the Court's earliest convenience.

## CERTIFICATE OF COMPLIANCE WITH D.C.COLO.L.CIV.R. 65.1(A)

Plaintiff certifies that as of the filing of this motion, copies of all pleadings and papers filed in the action to date or to be presented to the Court at the hearing of this matter have been furnished to Defendants via electronic messaging on December 14, 2018 or will be sent upon filing of this motion.  Ex. 13, ¶¶ 4-5.

**I. INTRODUCTION**

Onyx is the nation's leading eCommerce platform for the sale of automotive aftermarket parts and accessories.   Formed in the 2008, Onyx is a technology and web development company specializing in data collection, database architecture, UI/UX design, search algorithms, content production, cataloging, digital marketing, ecommerce strategies and automation of order fulfillment.  Through its proprietary web platform known as www.CARiD.com, Onyx serves the growing and complex automotive aftermarket for parts and accessories such as cosmetic and

functional interior and exterior parts, wheels, tires, electronics, and a variety of engine parts and accessories. In building its diverse catalog of products, Onyx depends on and works closely with over 5,000 manufacturers and distributors ("Brands") to collect a large variety of product data. Onyx uses this data to power its proprietary web platform to help consumers get connected with the right part, from the right Brand, for the make, model, sub-model, and year of their vehicle. Today, the robust and diverse automotive aftermarket looks to Onyx and its famous CARiD brand to connect consumers with over ten-million unique SKUs shipped direct from over 5,000 brands.

This request for injunctive relief arises from acts of trademark infringement, unfair competition, and false designation of origin by Defendants. Continuous and irreparable harm to Onyx flows therefrom. As set forth in the Complaint and below, Defendants have created online storefronts that use Onyx's registered trademarks and colorable imitations thereof to market automotive accessories to consumers in the United States. In an attempt to unlawfully misappropriate and profit from the CARiD brand, Defendants have used static copies of CARiD's highly interactive navigation banner and logos found on Onyx's landing page to cause customers to believe they are transacting business with Onyx through AliExpress. Obtaining an injunction against Defendants will cause the Internet website operators, particularly AliExpress.com, to remove the infringing storefronts and product listings. Although Onyx has been able to determine some of the entities behind the infringing acts, the real names and addresses behind some to the infringing storefronts are not disclosed on the Internet websites or in available records. As such, Plaintiff move to enjoin the known entities and identified

storefronts from maintaining the infringing storefronts and, indirectly, to compel AliExpress.com to remove them.

This Motion is of utmost importance to Onyx. Since discovering Defendants' storefronts in November 2018, Onyx has worked diligently to investigate Defendants and remove the infringing content. A temporary restraining order is essential to prevent the irreparable harm that is occurring each minute this content remains available online. Because Defendants, despite acknowledging their awareness of Onyx's trademarks, have refused to cease using them to solicit American consumers, a court order is necessary to put an end to Defendants' unlawful conduct. Absent the requested injunctive relief, Onyx will continue to be victimized by Defendants' misappropriation of the goodwill built up by Onyx in its CARiD brand. As such, Onyx immediately seeks a temporary restraining order based on the pleadings and declarations presented to the Court.

## II. STATEMENT OF FACTS

To eliminate duplicative reading for the Court, Onyx hereby incorporates into this Motion for Preliminary Injunction the facts set forth in its Complaint and its exhibits. *See* ECF No. 1. The attached declarations authenticate Onyx's exhibits and support the factual allegations in its Complaint. *See* Ex. 12, Decl. of Stanislav Royzenshteyn; Ex. 13.

## III. LEGAL STANDARDS

The court has discretion in deciding whether to issue a temporary restraining order and preliminary injunction. *Beerheide v. Zavaras*, 997 F. Supp. 1405, 1410 (D. Colo. 1998). The movant bears the burden of showing "(1) a substantial likelihood of success on the merits; (2) irreparable injury if the injunction is not granted; (3) the threatened injury outweighs any harm

the preliminary injunction will cause the opposing party; and (4) the preliminary injunction is not adverse to the public interest." *Id.* "[B]ecause a preliminary injunction is an extraordinary remedy, the right to relief must be clear and unequivocal." *Beltronics USA, Inc. v. Midwest Inventory*, 562 F.3d 1067, 1070 (10th Cir. 2009) (quoting *Greater Yellowstone Coal. v. Flowers*, 321 F.3d 1250, 1256 (10th Cir. 2003)). However, injunctive relief that is "prohibitory in nature . . . is not one of the disfavored types of injunctions" to which a heightened burden applies. *Port-a-Pour, Inc. v. Peak Innovations*, 49 F. Supp. 3d 841, 859 (D. Colo. 2014)*.*

## IV. ARGUMENT

The issuance of preliminary injunctive relief in this case is proper because all factors weigh in favor of Onyx under its claim for trademark infringement. Defendants' maintenance of the infringing storefronts and listings on the Internet has caused and will continue to cause Onyx irreparable harm. When a plaintiff's trademark rights and reputation are imperiled by knock-off sellers, as here, a court order enjoining the continued maintenance of the online content is warranted. Further, an injunction is necessary to ensure that AliExpress.com will remove the storefronts and listings.

### A. Plaintiff Is Likely to Succeed on the Merits

To succeed on its claim of trademark infringement, Onyx must show that Defendants, without Onyx's consent, "use[d] in commerce any reproduction, counterfeit, copy, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive" or that Defendants "appl[ied]" such a copy or colorable imitation of a registered mark to "labels, signs, prints, packages, wrappers, receptacles

or advertisements intended to be used in commerce." 15 U.S.C. § 1114(1). A plaintiff "need only prove that the public is likely to be confused about the source of the parties' products or services or about affiliations or sponsorships among the parties and their products or services." *King of the Mt. Sports, Inc. v. Chrysler Corp.*, 968 F. Supp. 568, 572 (D. Colo. 1997) (citing *Amoco Oil Co. v. Rainbow Snow*, 748 F.2d 556, 558 (10th Cir. 1984)).

Onyx's CARiD brand is a strong mark that is well known in the automotive parts industry. Ex. 12, ¶¶ 4-5. Its distinctiveness increases the likelihood of confusion. *See Universal Money Centers v. American Telephone & Telegraph*, 22 F.3d 1527, 1533 (10th Cir. 1994) ("A strong trademark is one that is rarely used by parties other than the owner of the trademark, while a weak trademark is one that is often used by other parties." (internal quotation marks omitted)). Onyx has not consented to Defendants use of the CARiD Mark or CARiD Logo in commerce or in advertising. Ex. 12, ¶ 3.

Through their online storefronts, Defendants have used the CARiD Mark and a colorable imitation of the CARiD Logo in connection with offers for sale and advertisements for their goods. Compl., ECF No. 1, ¶¶18-24. Defendants' storefront names "CARiD Autoparts Store" and My CARiD Store" reproduce the CARiD mark and use it to offer goods for sale in the United States. *Id*., ¶ 30. In addition to using the CARiD Mark, the listings created by Defendants for all their online storefronts apply a colorable imitation of the CARiD Logo that uses different colors for the "CAR" and "iD" portions of the logo. *Id*., ¶¶ 21-22. The likelihood of confusion is further heightened by Defendants' use of a banner copied for Onyx's www.carid.com website. *Id.*, ¶ 19. In addition to infringing Onyx's trademarks, such outright impersonation of Onyx's website implies an affiliation between Onyx and Defendants that does

6

not exist and strongly favors a finding of likely consumer confusion. *Beer Nuts, Inc. v. Clover Club Foods Co.*, 805 F.2d 920, 927 (10th Cir. 1986) ("[D]eliberate adoption of a similar mark may lead to an inference of intent to pass off goods as those of another which in turn supports a finding of likelihood of confusion."). Indeed, Defendants' December 5, 2018 message indicates the Defendants' intentionally copied Onyx's CARID Mark. Ex. 6, ECF No. 1-6; s*ee also Beer Nuts, Inc.*, 805 F.2d at 927 ("Proof that a defendant chose a mark with the intent of copying plaintiff's mark, standing alone, may justify an inference of confusing similarity." (quoting *Sun-Fun Products, Inc. v. Suntan Research & Development Inc.*, 656 F.2d 186, 190 (5th Cir. 1981))).[1]

Accordingly, the evidence and circumstances demonstrate that Onyx has met its burden and is likely to succeed on their trademark infringement claim. Therefore, this factor weighs in favor of a preliminary injunction.

### B. Plaintiff Will Suffer Irreparable Harm If the Injunction Is Not Granted

In analyzing the irreparable injury factor when deciding a motion for a preliminary injunction, the "injury must be certain, great, actual" and not speculative. *Heideman v. S. Salt Lake City*, 348 F.3d 1182, 1189 (10th Cir. 2003). Where monetary damages are inadequate to make the plaintiff whole, an injunction is favored. *See RoDa Drilling Co. v. Siegal*, 552 F.3d 1203, 1210 (10th Cir. 2009); *Howard v. United States*, 864 F. Supp. 1019, 1029 (D. Colo. 1994) (citing *Patton v. Dole*, 806 F.2d 24, 28 (2d Cir. 1986) for the proposition that an injunction is appropriate where monetary damages are inadequate). As the Tenth Circuit has noted, "[s]ome

---

[1] As discussed below with respect to the irreparable harm element, Onyx has shown that it has been harmed by Defendants' infringement.

cases suggest that a preliminary showing of likelihood of confusion alone is a sufficient showing of irreparable injury to support a preliminary injunction." *GTE Corp. v. Williams*, 731 F.2d 676, 678 (10th Cir. 1984) (citing *Paco Rabanne Parfums v. Norco Enterprises, Inc.*, 680 F.2d 891, 894 (2d Cir. 1982) (likelihood of damage to good will and reputation caused by confusing similarity entitles a plaintiff to a preliminary injunction); *P. Daussa Corp. v. Sutton Cosmetics (P.R.) Inc.*, 462 F.2d 134, 136 (2d Cir. 1972); *Wesley-Jessen Division of Schering Corp. v. Bausch & Lomb Inc.*, 698 F.2d 862, 867 (7th Cir. 1983))

Onyx is suffering and will continue to suffer irreparable harm to its goodwill and reputation as well as its CARiD brand due to Defendants' actions. Onyx's CARiD brand and the associated trademarks that it owns are essential components of its business. Ex. 12, ¶¶ 5-6. "The right to use one's property as one wishes—either to use the property to its own advantage, to exclude another from its use, or to sell, lease, license or transfer such property to another—is fundamental, and being excluded from the rights inherent in one's property constitutes irreparable injury." *Port-a-Pour, Inc. v. Peak Innovations*, 49 F. Supp. 3d 841, 872 (D. Colo. 2014) (granting a preliminary injunction based on infringement of intellectual property rights, including trademarks). Defendants' misappropriation Onyx's trademarks to sell their shoddy goods to customers in the United States is likely to have an immediate harmful impact on Onyx's eCommerce business. Ex. 12, ¶¶ 8-11; s*ee New Pro Publications v. Links Media Group, L.L.C.*, No. 07-cv-02230-REB-BNB, 2007 U.S. Dist. LEXIS 86386, 2007 WL 4115995, at *4 (D. Colo. Nov. 16, 2007) ("Misappropriation of trademarks and copyrights does create a high risk of irreparable injury because misuse of such rights is likely to have a bad effect on the owner's business, reputation, and good will."). The damage to Onyx's CARiD brand, diversion of

customers, and harm to Onyx's reputation cannot be easily corrected or compensated through monetary damages. Ex. 12, ¶¶ 10-11; s*ee, e.g., Layne Christensen Co. v. Bro-Tech Corp.*, 871 F. Supp. 2d 1104, 1118 (D. Kan. 2012) (finding irreparable harm and granting a permanent injunction because infringement would result in "confusion in the market and with regulators"). Instead, the most effective remedial measure is a court order directing removal of the infringing content published by Defendants. Therefore, this factor weighs in favor of a preliminary injunction.

### C. The Balance of Equities Are in Plaintiff's Favor

In analyzing the balance of equities factor, this Court must weigh the identified irreparable injuries to the plaintiff against the potential harm to Defendants if this Court issues a preliminary injunction. *Davis v. Mineta*, 302 F.3d 1104, 1116 (10th Cir. 2002).

As discussed above, Onyx's reputation and customer relationships have been and will continue to be irreparably harmed if Defendants continue using Onyx's brand to sell low-quality goods without Onyx's attention to the overall customer experience, from the buying experience through its proprietary web platform, through its unparalleled customer service, and its overall attention to product quality. *See, e.g., Morningside Grp., Ltd. v. Morningside Capital Grp., L.L.C.*, 182 F.3d 133, 142 (2d Cir. 1999) (noting that an infringer's sale of inferior goods or provision of inferior service has a tendency to tarnish the rightsholder's reputation if consumers confuse the two).

Defendants have no right to use the CARiD Mark or colorable imitations of the CARiD Logo in eCommerce in the United States. Compl., ECF No. 1. ¶29; Ex. 12, ¶¶ 3. Nonetheless, "[r]ather than trying to gain sales through pushing their products' quality and price, defendants

resorted to deception." *Boehringer Ingelheim G.m.b.H. v. Pharmadyne Labs.*, 532 F. Supp. 1040, 1066 (D.N.J. 1980). Any harm to Defendants is consequent to their willful impersonation of Onyx in order to sell automotive parts to American customers and therefore irrelevant. *See Big O Tires, Inc. v. Bigfoot 4x4, Inc.*, 167 F. Supp. 2d 1216, 1228 (D. Colo. 2001) (holding that the infringer that was aware of the trademark at issue "cannot now be heard to complain of expenses that could have been avoided by prudent action at an earlier time.") (citations omitted). Consequently, Defendants face no relevant harm in the removal of these infringing storefronts and listings. Therefore, this factor weighs in favor of a preliminary injunction.

### D. An Injunction Is Decidedly in the Public Interest

Finally, Plaintiff bears the "burden of demonstrating that the injunction, if issued, is not adverse to the public interest." *Heideman v. S. Salt Lake City*, 348 F.3d 1182, 1191 (10th Cir. 2003). "In intellectual property cases, the public interest normally weighs in favor of the issuance of an injunction to protect intellectual property because it is in the public interest to uphold such protections." *New Pro Publ'ns*, 2007 U.S. Dist. LEXIS 86386, at *12-13 (citing *Autoskill Inc. v. National Educational Support Systems, Inc.*, 994 F.2d 1476, 1499 (10th Cir. 1993)). Further, there is no advantage to the public in allowing Defendants to continue to misappropriate Onyx's trademarks for the purpose of deceiving customers and implying an association with CARiD.com. "Public interest can be defined a number of ways, but in a trademark case, it is most often a synonym for the right of the public not to be deceived or confused." *Opticians Ass'n of Am. v. Independent Opticians of Am.*, 920 F.2d 187, 197 (3rd Cir. 1990) (citations omitted). Removing Defendants' infringing storefronts and listings from would

serve the consumer-protection role underlying trademark policy and is in the public interest. Therefore, this factor weighs in favor of a preliminary injunction.

### E. Relief Requested

As set forth in the Complaint, Defendants have created infringing storefronts and published infringing listings on AliExpress.com. Therefore, Plaintiff respectfully requests that this Court order an injunction directing removal of the libelous online content published by Defendants. To narrowly tailor and limit the Order, Plaintiff only requests the removal of infringing content available to consumers in the United States and available to customers searching for items that can be shipped into the United States.

### F. No Bond Is Warranted

Pursuant to Fed. R. Civ. P. 65(c), the Court "may issue a preliminary injunction or a temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Onyx urges that no bond is necessary in this instance. In their message, Defendants' acknowledge Onyx's trademark rights and their own lack of rights in the United States. ECF No. 1-6. Any harm to Defendants from an injunction will be a loss of Defendants' ability to freeride on Onyx's reputation and goodwill, which is not relevant.

## V. CONCLUSION

Based on the foregoing, Plaintiff respectfully requests that the Court grants its Motion for a Temporary Restraining Order and Preliminary Injunction.

Dated: December 18, 2018　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　*/s/ Aaron P. Bradford*
　　　　　　　　　　　　　　　　　　　　　Aaron P. Bradford
　　　　　　　　　　　　　　　　　　　　　Alex W. Ruge
　　　　　　　　　　　　　　　　　　　　　BRADFORD, LTD
　　　　　　　　　　　　　　　　　　　　　2701 Lawrence Street, Suite 104
　　　　　　　　　　　　　　　　　　　　　Denver, CO 80205
　　　　　　　　　　　　　　　　　　　　　(303) 325-5467
　　　　　　　　　　　　　　　　　　　　　Aaron@apb-law.com
　　　　　　　　　　　　　　　　　　　　　Alex@apb-law.com

　　　　　　　　　　　　　　　　　　　　　*Attorneys for Plaintiff*